T.C. Memo. 1997-235

UNITED STATES TAX COURT

DWIGHT D. SPANN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15339-95.                        Filed May 21, 1997.

Dwight D. Spann, pro se.

<u>Herbert W. Linder</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


POWELL, <u>Special Trial Judge</u>:  This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

_____

[1]  All section references are to the Internal Revenue Code in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes for the taxable years 1992 and 1993 in the amounts of $2,134 and $2,518, respectively.

After a concession,[2] the sole issue is whether petitioner is liable for self-employment tax for the years in issue. Petitioner resided in Enon Valley, Pennsylvania, at the time the petition was filed.

## FINDINGS OF FACT

The facts are not disputed and may be summarized as follows. Petitioner is a carpenter. During the taxable years 1992 and 1993, petitioner's sole source of income was income earned from self-employment in the amounts of $6,724 and $7,708, respectively. Petitioner did not pay any self-employment tax for the years in issue. In the notice of deficiency, respondent determined that petitioner is liable for self-employment tax for the taxable years 1992 and 1993 in the amounts of $950 and $1,089, respectively. Petitioner contends that the self-employment tax does not, or at least should not, apply to individuals at his modest income level.

## OPINION

Section 1401 imposes Social Security and medicare taxes (self-employment tax) on income derived by an individual from a

---

[2] Respondent concedes that petitioner is entitled to earned income credits pursuant to sec. 32 for the taxable years 1992 and 1993 in the amounts of $1,184 and $1,429, respectively.

trade or business (self-employment income) in excess of $400 to pay for old-age, survivors and disability insurance, and hospital insurance.  Secs. 1401 and 1402(b) and (c); Culp v. Commissioner, T.C. Memo. 1984-78.  Since petitioner's self-employment income for each of the years in issue exceeds $400, petitioner is liable for self-employment tax in the amounts determined in the notice of deficiency.  As to the fairness of such a taxing regime, petitioner's avenue of redress lies with Congress, for we must apply the law as written.  Metzger Trust v. Commissioner, 76 T.C. 42, 59-60 (1981), affd. 693 F.2d 459 (5th Cir. 1982).

To reflect respondent's concession,

Decision will be entered

under Rule 155.